### ORR et al. v. BROWN et al.

(Circuit Court of Appeals, Fifth Circuit. June 17, 1895.)

#### No. 380.

ATTORNEY AND CLIENT—CONTRACT.

Plaintiff, an attorney at law, who had formerly been retained by defendants and others to enforce payment of certain coupons on municipal bonds, and had done so successfully, wrote defendants, informing them that an officer of the city issuing the bonds had proposed to retain him to resist their final payment, recalling his former connection with defendants, and requesting defendants to confer with the bondholders, and notify plaintiff if they desired to retain him. Defendants replied that they would see the bondholders as soon as they could, and learn their wishes, but that they entertained no doubt the bondholders would desire plaintiff's services, and requested him to hold himself in readiness to represent them. Plaintiff replied that he had notified the city authorities that he declined representing them, because of defendants' retainer. No reply was sent to this letter. *Held*, that the correspondence showed a contract of retainer between the parties.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

This was an action by J. A. Orr and W. G. Orr against J. Wilcox Brown, C. D. Lowndes, and Frank T. Redwood, for professional services as attorneys. The defendants demurred to the declaration, and the circuit court sustained the demurrer. Plaintiffs bring error. Reversed.

J. A. Orr, for plaintiffs in error.

E. II. Bristow, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

BRUCE, District Judge.   There is but a single assignment of error in the cause, and that is that the court sustained the demurrer, and dismissed the suit at the cost of the plaintiffs.   The demurrer was to the declaration of the plaintiffs, alleging for cause that it did not disclose a contract between Orr & Orr and Brown & Lowndes which renders them liable for the demand sued on in this action. The declaration sets out the following correspondence between plaintiffs and defendants, to wit:

"Columbus, Miss., September 6th, 1893.

"Brown & Lowndes, P. O. Box 854, Baltimore, Md.—Gentlemen: Mr. Dashiell, a member of the city government, has just applied to us, to retain us, if terms were agreeable, to resist the final payment of the coupons and bonds of the city of Columbus, paid to the Columbus, Fayette and Decatur R. R. Co.,—the same on which I brought suit for you and for Messrs. Wilson, Colston & Co. some years ago.  Mr. D. informs us that the mayor and aldermen had determined to pay nothing more, and would test the legality of the bonds by suit. Since your Mr. Brown was in Columbus, the writer has severed his connection with the Georgia Pacific, now the Richmond and Danville, and bears a free lance against it.  His junior, Sims, is now the assistant secretary of the interior.  You perceive the object of this letter.  We do not know who the holders of the bonds are, and we desire to communicate with them, so far, at least, to ascertain their wishes as to the attitude they desire us to assume.  Will you do us the kindness to confer with them, and notify us if they desire to retain us?  With most pleasant recollections of your Mr. Brown, I am, very truly yours,     J. A. Orr,

"For the firm of Orr & Orr."

"J. Wilcox Brown, ⎫
"C. D. Lowndes,  ⎬  All Members of Baltimore Stock Exchange.
"Frank T. Redwood. ⎭

P. O. Box 65, Telephone Call 547.

"Office of Brown & Lowndes, Bankers & Brokers.

"Stock Exchange Building.                                 208 E. German Street.

"Baltimore, Sept. 11th, 1893.

"J. A. Orr, Esqr., Columbus, Miss.—Dear Sir: Yours of the 6th inst. rec'd, and our Mr. Brown recalls with pleasure the agreeable relations between himself and your firm.  It is a surprise to us to learn that the city proposes to resist the payment of the coupons upon its bonds, and we are obliged to you for giving us the information.  We will see the bondholders as soon as we can, and obtain their expression of wish in the matter; but we entertain no doubt of their desiring to have your services, and we shall be obliged if you will kindly hold yourselves ready to represent them.  Please be so kind as to let us know what kind of action the city proposes to take, and when.  The August coupons were duly paid, and none will be due until February next.  This seems a curious time to bring suit, if that is what they propose.  Our recollection is that you entertained very positive convictions of the legality of the issue, and we also recall the fact that under your management the citizens, with great unanimity, called on the city officials to pay the coupons.  Has there been a change of sentiment?

"Yours, very truly,                                 Brown & Lowndes."

"Messrs. Brown & Lowndes—Gentlemen: Yours of the 11th inst. received, and we thank you for continued confidence. We have notified our city au-

thorities that we decline representing them, because of your retainer. They passed a resolution declining to pay any more interest on the bonds. So they force the alternative on the bondholders to sue, and suit must be brought on the coupons. You know of the old hostility to the bonds. That has been fanned into life by the panic, and the chances are now better in the courts, than in changing public sentiment, as was done at the time referred to by you.

"Very truly,　　　　　　　　　　　　　　　　　　　Orr & Orr."

It is averred that the defendants and their principals, most of whom lived in the city of Baltimore, were the owners of bonds at the time of this correspondence. The letters are made part of the declaration, and the question is, do they show a contract of retainer between the parties? The nature of a contract such as is claimed here should be borne in mind. The relation of client and lawyer is of a highly confidential character, and the parties had heretofore sustained such relation to each other, with satisfactory results. The plaintiffs were attorneys at law engaged in the active practice of their profession, and ready to be retained by persons who might desire their services. Defendants were informed by the letter of September 6, 1893, "that a member of the city government has just applied to us, to retain us, if terms were agreeable, to resist the final payment of the coupons and bonds of the city." The reply to this letter of September 11, 1893, is not, in terms, a contract of retainer: "We will see the bondholders as soon as we can, and obtain their expression of wish in the matter, but we entertain no doubt of their desiring to have your services, and we shall be obliged if you will kindly hold yourselves ready to represent them." With this letter in their possession, it is difficult to see how they could do otherwise than decline to represent the city. And when, by letter of the 14th, Brown & Lowndes were notified that plaintiffs had declined to represent the city, because of their retainer, to which letter there was no reply, we think they should be estopped to deny the contract. The judgment of the court below is reversed, and a new trial is ordered in accordance with the views expressed in this opinion.